UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZACHARY GRALING,

Plaintiff,

v.

UNITED SERVICES AUTMOBILE ASSOCIATION,

Defendant.

CASE NO. 2:24-cv-01798-TL

ORDER ON DEFENDANT'S MOTIONS *IN LIMINE*

This matter is before the Court on the Defendant's Motions *in Limine*. Dkt. No. 33. Having reviewed the motions, Plaintiff's responses (Dkt. No. 43), and the relevant record, the Court now rules on the motions.

## I. BACKGROUND

This case arises out of a dispute between Plaintiff Zachary Graling and his automobile insurance provider, Defendant United Services Automobile Association ("USAA"). The Court assumes familiarity with the facts of the case, which the Court recited in its order on summary judgment. *See* Dkt. No. 31 (Order on Motion for Summary Judgment and Motion to Exclude) at 1–8 ("Background").

## II. Legal Standard

"A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation omitted). In ruling on motions *in limine*, the Court is generally guided by Federal Rules of Evidence ("FRE") 401, 402, and 403. *See* Fed. R. Evid. 401 (defining relevant evidence); Fed. R. Evid. 402 (relevant evidence is generally admissible); Fed. R. Evid. 403 (relevant evidence may be excluded if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence"). While the FRE do not explicitly permit motions *in limine*, they are a part of a "district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). A motion *in limine* is ordinarily granted only if the evidence at issue is inadmissible on all potential grounds. If not, the evidentiary ruling is better deferred until trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the appropriate context. *See United States v. Amaro*, 613 F. App'x 600, 602 (9th Cir. 2015). A motion *in limine* should not be used to resolve factual disputes or weigh evidence. *C & E Servs., Inc. v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008); *Liu v. State Farm Mut. Auto. Ins. Co.*, No. C18-1862, 2021 WL 717540, at *1 (W.D. Wash. Feb. 24, 2021).

A court's ruling on a pre-trial motion *in limine* is preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. *See, e.g.*, *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("[*I*]*n limine* rulings are not binding on the trial judge, and the judge may always change [their] mind during the course of a trial."). "Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41–42; *see also City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (district court may change its *in limine* ruling at

trial if testimony brings unanticipated facts to the court's attention).

Subject to these principles, the Court issues these rulings for the guidance of the Parties.

## III. Discussion

Defendant presents 31 motions *in limine*.

| # | Motion | Ruling | Reasoning |
|---|---|---|---|
| 1 | Exclusion of references to litigation settlement discussions | Granted | Parties' Agreement |
| 2 | Exclusion of "golden rule" evidence | Granted / Denied[1] | "Golden Rule" Arguments are excluded. However, "[a] party may appeal to the jury to act as a 'conscience of the community,' unless the statement is designed to inflame the jury. *Univ. of Washington v. Gov't Emps. Ins. Co.*, 200 Wn. App. 455, 480, 404 P.3d 559 (2017). |
| 3 | Exclusion of "hometown" arguments | Granted | Parties' Agreement |
| 4 | Exclusion of claims not pleaded in complaint | Granted / Denied | Evidence and argument directed toward claims that have not been pleaded are excluded. Evidence related to Defendant's handling of Plaintiff's casualty claims arising out of the accident at issue, including PIP and/or property-damage claims, may be admitted, if the purpose of presenting such evidence is to support a pleaded cause of action or affirmative defense. |
| 5 | Exclusion from the courtroom of nonparty testifying witnesses | Granted | Parties' Agreement |
| 6 | Exclusion of testimony from undisclosed witnesses | Granted | Parties' Agreement |
| 7 | Exclusion of undisclosed evidence | Granted | Parties' Agreement |

[1] Granted in part and denied in part, as explained in the Reasoning column.

| # | **Motion** | **Ruling** | **Reasoning** |
|---|---|---|---|
| 8 | Exclusion of undisclosed expert opinions | Granted | Parties' Agreement. |
| 9 | Exclusion of "send a message" or "make an example of Defendant" arguments | Granted | In Washington, punitive damages are not permitted "without express legislative authorization." *Dailey v. N. Coast Life Ins. Co.*, 129 Wn.2d 572, 575, 919 P.2d 589 (1996). The statutory language of IFCA and the CPA "does not mention punitive damages." *Leone v. USAA Cas. Ins. Co.*, No. C23-159, 2025 WL 1809132, at *3 (W.D. Wash. Feb. 26, 2025). Therefore, "the Court will exclude any and all arguments, suggestions, references, or inferences by Plaintiff to the effect that the jury should punish, 'send a message' to, or 'make an example' of Defendant" as unfairly prejudicial. *Id.* |
| 10 | Exclusion of any and all references to discovery disputes, discovery motions, or the timing and sequence of documents produced during discovery. | Granted | Parties' Agreement |
| 11 | Exclusion of any evidence, testimony, or reference by anyone to Plaintiff's planned summer job at Amazon. | Granted | Parties' Agreement |
| 12 | Exclusion of testimony by lay witnesses regarding causation of mental or medical conditions, diagnosis of mental or medical conditions, and the need for future medical treatment. | Granted | Parties' Agreement |
| 13 | Exclusion of references to motions *in limine* | Granted | Parties' Agreement |

| # | Motion | Ruling | Reasoning |
|---|---|---|---|
| 14 | Exclusion of references to other lawsuits, claims, or other actions against Defendant (apart from Plaintiff's uninsured motorist claim and this lawsuit). | Granted | Such evidence is not relevant and is more prejudicial than probative. Plaintiff's argument that this evidence must be considered on a case-by-case basis (*see* Dkt. No. 43 at 4–5) is inapplicable here, as it is predicated on the existence of a "punitive-damages context" (*id.* at 4). The Court has ruled that CPA and IFCA do not present a "punitive-damages context." |
| 15 | Exclusion of any and all references to witnesses who are absent or not called | Reserved | Parties may object to references to absent or uncalled witnesses as they arise during trial. |
| 16 | Exclusion of evidence concerning emotional distress related to the litigation itself | Granted | The Parties agree that emotional distress related to the litigation itself is not compensable. *See* Dkt. No. 33 at 7; Dkt. No. 43 at 6. Plaintiff, however, seeks to distinguish between distress related to the litigation and distress related to Defendant's "forc[ing] [Plaintiff] to litigate to obtain his benefits." Dkt. No. 43 at 6. Like the court in *Leone*, the Court finds this distinction "attenuated and not persuasive." *Leone*, 2025 WL 1809132, at *3. Moreover, "Plaintiff also fails to cite case law supporting h[is] proposition." *Id.* As to Plaintiff's argument that he "will be entitled to request that the jury award investigative expenses incurred after litigation started" (Dkt. No. 43 at 6), the Court refers the Parties to its order on MIL No. 24 |

| # | **Motion** | **Ruling** | **Reasoning** |
|---|---|---|---|
| 17 | Exclusion of evidence or testimony regarding Plaintiff's pre-existing conditions that are unrelated to the accident, including cancer | Granted / Denied | The Parties agree that references to Plaintiff's host-versus-graft disease may be excluded as irrelevant. *See* Dkt. No. 43 at 7. However, the Court agrees with Plaintiff that if Defendant seeks to introduce discussion of a condition related to Plaintiff's leukemia (or the treatment thereof), such as "pre-existing lower limb numbness" (*id.* at 8), then Defendant has opened the door to further examination of that subject, and drawing a line between the symptom and its underlying cause (provided such cause is adequately demonstrated) deprives the jury of necessary context. |
| 18 | Exclusion of references to Defendant's reduction of certain of Plaintiff's medical bills. | Granted | Plaintiff argues that this evidence goes to Defendant's conduct. Dkt. No. 43 at 9. But Judge Pechman ruled that Defendant's "reduction . . . cannot form the basis of the bad faith claim going forward." Dkt. No. 31 at 11. As such, evidence of this conduct is irrelevant. |
| 19 | Exclusion of references to Plaintiff's expert, Robert Dietz, to the "reasonableness" of Defendant's conduct | Granted / Denied | Similarly to the Court's ruling on Plaintiff's MIL No. 2, and in line with Judge Pechman's earlier ruling on the issue (*see* Dkt. No. 31 at 17), Plaintiff's expert Dietz may testify that an insurer's conduct comported with industry standards, provided that the expert does not "reach[] a legal conclusion that Defendants actually acted in bad faith (i.e., an ultimate issue of law)." *Hangarter*, 373 F.3d at 1016. Dietz may not "speak[] in general terms about reasonableness." Dkt. No. 31 at 17. |

| # | Motion | Ruling | Reasoning |
|---|---|---|---|
| 20 | Exclusion of references to Defendant's financial status | Granted | "This District has previously excluded such evidence and found it irrelevant." *Leone*, 2025 WL 1809132, at *3 (citing *Camper v. State Farm Fire & Cas. Co.*, No. C20-5283, 2021 WL 5205609, at *4 (W.D. Wash. July 15, 2021)). Plaintiff asserts that this evidence is relevant because the jury will determine whether an enhanced award is necessary. Dkt. No. 43 at 9. However, it is the court that makes this determination. RCW 48.30.015(2). Plaintiff also references punitive damages in asserting its need for this evidence. But, again, the statutory language of IFCA and the CPA "does not mention punitive damages." *Leone*, 2025 WL 1809132, at *3. |
| 21 | Exclusion of references to Plaintiff's good character | Granted | Parties' Agreement |
| 22 | Exclusion of references to irrelevant portions of the insurance policy | Denied | Breach of contract is a cause of action in this case. *See* Dkt. No. 1-3 (complaint) ¶¶ 6.1–6.4. The contract—which, as Plaintiff points out, "is construed as a whole, with the policy being given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance"—is an essential piece of evidence in this case. Dkt. No. 43 at 11 (quoting *Am. Nat'l Fire Ins. Co. v. B & L Trucking & Constr. Co., Inc.*, 134 Wn.2d 413, 427, 951 P.2d 250 (1998)). Should Defendant deem irrelevant a particular portion of the contract that is introduced or discussed at trial, it may object. |
| 23 | Exclusion of references to interpretation of the UM/UIM policy | Denied | As the *Leone* court concluded when denying a similar motion *in limine*, "[t]o determine if there was a breach [of contract], some examination and interpretation of what the insurance contract says and what it means is necessary." *Leone*, 2025 WL 1809132, at *4. |

| # | Motion | Ruling | Reasoning |
|---|---|---|---|
| 24 | Exclusion of references to the expenses of litigation | Granted / Denied | The Parties agree not to discuss attorney fees in front of the jury. *See* Dkt. No. 43 at 11. However, Plaintiff argues that certain costs of litigation, including expert-witness fees and investigation costs, qualify as "actual" damage under IFCA. *See id.* Plaintiff supports his position with case law from this District. *See Wall v. Country Mut. Ins. Co.*, 319 F. Supp. 3d 1227, 1235 (W.D. Wash. 2018); *Hopkins v. Integon Gen. Ins. Co.*, No. C18-1723, 2020 WL 1467346, at *3 (W.D. Wash. Mar. 20, 2026). Evidence of such costs are admissible. |
| 25 | Exclusion of argument that UIM insurers owe an "enhanced duty of good faith" or are required to give equal consideration to UIM insured's interests | Ruling Reserved | Plaintiff argues that this "is really a disguised argument about how the jury should be instructed[,] and not a request to exclude specific evidence." Dkt. No. 43 at 13. The Court agrees. *See Leone*, 2025 WL 1809132, at *4 ("This issue is more appropriate for argument on the jury instructions."). But "[u]ntil the Court rules on this issue, Plaintiff shall not reference an enhanced duty owed to the insured." *Id.* |
| 26 | Exclusion of reference to "unsubstantiated" industry standards | Ruling Reserved | Defendant seeks to exclude expert "opinion that contradict[s] Washington's insurance claims handling regulations," which are codified at Chapter 284-30 WAC. Dkt. No. 33 at 12. The Court agrees with Plaintiff that Defendant's motion is vague and addresses hypothetical testimony (which would be rich fodder for cross-examination), not concrete evidence. *See* Dkt. No. 43 at 13–14. To the extent Defendant has any specific references with which it is concerned, it SHALL file a supplement to this motion with any such example(s) **by August 11, 2026,** so that they can be addressed at the pretrial conference. |

| # | Motion | Ruling | Reasoning |
|---|---|---|---|
| 27 | Exclusion of reference to USAA's internal policies or procedures | Denied | The Court agrees with Plaintiff that "[a]n insurer's own claims-handling policies are probative of whether the insurer complied with the standards of good faith and fair dealing." Dkt. No. 43 at 14. Defendant's policies and procedures necessarily informed how Defendant handled Plaintiff's claim. *See Leone*, 2025 WL 1809132, at *4 ("[H]ow Defendant implemented [its] rules and systems informs the core of this lawsuit."). |
| 28 | Exclusion of argument or testimony regarding PIP claim handling | Denied | As the Court held with respect to MIL No. 4, "Evidence related to Defendant's handling of Plaintiff's casualty claims arising out of the accident at issue, including PIP and/or property-damage claims, may be admitted, if the purpose of presenting such evidence is to support a pleaded cause of action or affirmative defense." Defendant has not demonstrated that its handling of Plaintiff's PIP claim is sufficiently divorced from its handling of other claims at issue so as to render it wholly irrelevant to the issues at hand. |
| 29 | Exclusion of testimony from Andrew Hamilton, DC, that "exceed his record as a treatment provider" | Denied | Plaintiff asserts that Dr. Hamilton was properly disclosed as both a treating chiropractor and a retained medical expert. Dkt. No. 43 at 16. If a treating physician is properly disclosed as a medical expert, and the Rule 26(a)(2)(B) expert-witness requirements are satisfied, then that physician may serve in both roles. *See Goodman v. Staples The Office Superstore*, 644 F.3d 817, 826 (9th Cir. 2011). As to Defendant's request that Dr. Hamilton be precluded from testifying on the issue of Plaintiff's failure to mitigate (*see* Dkt. No. 33 at 13), Plaintiff avers that he will not be eliciting such testimony from Dr. Hamilton (*see* Dkt. No. 43 at 16–17). Should Dr. Hamilton's testimony at trial approach this subject at trial, the Court will revisit the issue. |

| # | Motion | Ruling | Reasoning |
|---|---|---|---|
| 30 | Exclusion of argument, evidence, or testimony that Plaintiff is seeking and/or entitled to damages for future treatment or future earning capacity or disability | Granted | Parties' Agreement |

| | | | |
|---|---|---|---|
| 31 | Exclusion of opinions and evidence not previously disclosed in discovery or in accordance with the Federal Rules of Civil Procedure | Denied | Defendant seeks to exclude testimony of William Graling, Ally Hood, Isabella Graling, Brian Martin, Terry O'Kennedy, Ryuta Sugiyama, Kaleb Billsishi, Jamison Silao, and Alex Vornbrock, all of whom Defendant asserts were not properly disclosed. *See* Dkt. No. 33 at 14. Plaintiff argues that these witnesses were disclosed during discovery—in responses to interrogatories and during Plaintiff's deposition. *See* Dkt. No. 43 at 17. Consequently, Plaintiff asserts, Defendant cannot claim to be surprised or prejudiced by inclusion of their testimony at trial. *Id.* The default here is provided by Federal Rule of Civil Procedure 37(c)(1), which states, in part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Defendant concedes that the witnesses were disclosed in Plaintiff's interrogatories. *See* Dkt. No. 33 at 14. Further, Defendant questioned Plaintiff at deposition about each of these witnesses, their roles, and the information they possess. *See* Dkt. No. 43 at 17. Therefore, even though Plaintiff may not have technically met the requirement of Rule 26, given that Defendant was provided with the identity of the witnesses during discovery in sufficient time to ask Plaintiff about them at his deposition (and, indeed, could have deposed them as well), the Court is hard pressed to see what the harm or prejudice is here. *See, e.g.*, *Lankford v. Taylor*, No. C17-2797, 2021 WL 1515504, at *5–6 (D. Ariz. Apr. 16, 2021) (finding untimely disclosure harmless); *Cho v. Caffebene, Inc.*, No. C15-4611, 2016 WL 5334460, at *2 (S.D. Cal. Sept. 21, 2016) (same). Moreover, Defendant does not assert any harm or prejudice, instead relying on a technical, procedural violation. |

## IV. CONCLUSION

For the reasons provided herein, the Court rules on each motion as set forth above.

Dated this 27th day of July 2026.

Tana Lin
United States District Judge