UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZACHARY GRALING,

Plaintiff,

v.

UNITED SERVICES AUTMOBILE ASSOCIATION,

Defendant.

CASE NO. 2:24-cv-01798-TL

ORDER ON PLAINTIFF'S MOTIONS *IN LIMINE*

This matter is before the Court on the Plaintiff's Motions *in Limine*. Dkt. No. 35. Having reviewed the motions, Defendant's responses (Dkt. No. 41), and the relevant record, the Court now rules on the motions.

## I. BACKGROUND

This case arises out of a dispute between Plaintiff Zachary Graling and his automobile insurance provider, Defendant United Services Automobile Association ("USAA"). The Court assumes familiarity with the facts of the case, which the Court recited in its order on summary

judgment. *See* Dkt. No. 31 (Order on Motion for Summary Judgment and Motion to Exclude) at 1–8 (“Background”).

## II. LEGAL STANDARD

“A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area.” *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation omitted). In ruling on motions *in limine*, the Court is generally guided by Federal Rules of Evidence (“FRE”) 401, 402, and 403. *See* Fed. R. Evid. 401 (defining relevant evidence); Fed. R. Evid. 402 (relevant evidence is generally admissible); Fed. R. Evid. 403 (relevant evidence may be excluded if its probative value is substantially outweighed by a danger of “unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence”). While the FRE do not explicitly permit motions *in limine*, they are a part of a “district court’s inherent authority to manage the course of trials.” *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). A motion *in limine* is ordinarily granted only if the evidence at issue is inadmissible on all potential grounds. If not, the evidentiary ruling is better deferred until trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the appropriate context. *See United States v. Amaro*, 613 F. App’x 600, 602 (9th Cir. 2015). A motion *in limine* should not be used to resolve factual disputes or weigh evidence. *C & E Servs., Inc. v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008); *Liu v. State Farm Mut. Auto. Ins. Co.*, No. C18-1862, 2021 WL 717540, at *1 (W.D. Wash. Feb. 24, 2021).

A court’s ruling on a pre-trial motion *in limine* is preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. *See, e.g.*, *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (“[*I*]*n limine* rulings are not binding on the trial judge, and the judge may always change [their] mind during the course of a trial.”). “Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion,

to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41–42; *see also City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (district court may change its *in limine* ruling at trial if testimony brings unanticipated facts to the court's attention).

Subject to these principles, the Court issues these rulings for the guidance of the Parties.

## III. Discussion

Plaintiff presents 14 motions *in limine*.

### A. Motion *in Limine* No. 1: Exclusion of Defendant's Expert Austin D. McMillin, DC

Plaintiff seeks to exclude or limit the opinions and testimony of Defendant's retained expert, Austin D. McMillin, a chiropractor. Dkt. No. 35 at 2. Plaintiff asserts four objections to Dr. McMillin's testimony. First, Plaintiff argues that Dr. McMillin's opinions are invalid, because a chiropractor "may not render diagnostic or causation opinions [without] personally conducting a physical examination as part of a chiropractic differential diagnosis." *Id.* at 3. Second, Plaintiff argues that Dr. McMillin's "opinions exceed the statutory scope of chiropractic practice," as defined by Washington law. *Id.* (citing RCW 18.25.005(3), -.006(8)). Third, Plaintiff argues that Dr. McMillin's "opinions rest on personal belief and subjective inference, not professional methods." *Id.* at 4. Fourth, Plaintiff argues that "[l]arge portions" of Dr. McMillin's testimony concerns his "critici[sm] [of] the thoroughness and documentation of Plaintiff's treating chiropractor." *Id.*

In response, Defendant makes one procedural and one substantive argument. As to procedure, Defendant asserts that Plaintiff's challenge to Dr. McMillin's testimony is untimely. Dkt. No. 41 at 2. Objections to "the method, principles, and standards [that] [Dr. McMillin] utilized in rendering his opinions" should have been asserted before the deadline to file a *Daubert* motion. *Id.* Defendant asserts further that Dr. McMillin is a "consulting" chiropractor,

not a chiropractor "engaging in treatment," and his testimony is therefore not limited by the Washington statute that limits what conditions a chiropractor may legally diagnose and treat. *Id.*

The Court agrees with Defendant. Judge Pechman's original scheduling order, issued January 15, 2025 (Dkt. No. 12), established a deadline of August 11, 2025, for filing dispositive motions. *Id.* at 1. The order did not expressly provide a deadline for filing *Daubert* motions but stated that all deadlines not established in the order "are specified in the Local Civil Rules (LCR)." *Id.* at 2. Under Local Civil Rule 7(d)(5), "*Daubert* motions to exclude expert testimony . . . shall be filed by the dispositive motion deadline." The deadline for challenging Dr. McMillin's expert report, then, was August 11, 2025. While Defendant filed a motion to exclude certain testimony by two of Plaintiff's experts (Dkt. No. 20), Plaintiff let the deadline pass without challenging any of Defendant's experts.

Here, Plaintiff's challenge to Dr. McMillin's testimony here is a *Daubert* challenge camouflaged as a motion *in limine*. Plaintiff gives the game away by quoting passages from Dr. McMillin's expert report, then concluding that "[t]hese statements are not proper expert opinions under the Federal Rule of Evidence." Dkt. No. 35 at 2. Had Plaintiff included a citation to substantiate this conclusion (He does not), it would necessarily be Rule 702, "Testimony by Expert Witnesses," not one of the rules of relevance at 401, 402, or 403. Indeed, Plaintiff challenges Dr. McMillin's methodology—or, as Plaintiff, asserts, the lack thereof (*see* Dkt. No. 35 at 4)—a textbook *Daubert* challenge. *See, e.g.*, *City of Pomona*, 750 F.3d at 1043–44 (describing expert's methodology as within ambit of Rule 702).

Plaintiff also makes a non-*Daubert* objection to the relevance of Dr. McMillin's criticism of "the thoroughness of and documentation of Plaintiff's treating chiropractor." Dkt. No. 35 at 4. Plaintiff argues that "[a] chiropractor may not function as a regulatory evaluator of another practitioner's documentation, particularly where he has not examined the patient." *Id.*

Frustratingly, however, Plaintiff provides no authority to substantiate this assertion, and the Court will not endeavor to locate any for him. Moreover, the Court disagrees with Plaintiff's framing of the issue. For one thing, a Dr. McMillin is not serving as a "regulatory" evaluator, a description that suggests, if not presumes, some degree of governmental authority. For another, as another court in this District has found, a "consulting chiropractor," like Dr. McMillin here, is charged with "screen[ing] for chiropractic care that was either excessive or not absolutely needed. . . . [I]t is an *evaluation* not of plaintiffs, *but of practitioners*." *Scott v. United Servs. Auto. Ass'n*, No. C11-1422, 2012 WL 13020082, at *2 (W.D. Wash. May 8, 2012) (emphasis added). Evaluating another practitioner's documentation is precisely what the Court expects Dr. McMillin to do, and it is thus relevant testimony.

Accordingly, Plaintiff's Motion *in Limine* No. 1 is DENIED.

**B. Motion *in Limine* No. 2: Exclusion of Defendant's Expert Jerry Hartmann**

Plaintiff seeks to exclude or limit the testimony of Defendant's retained expert Jerry Hartmann, a claims-handling expert. Dkt. No. 35 at 5. First, Plaintiff argues that Hartmann's testimony comprises "legal conclusions, not expert analysis." *Id.* at 6. Second, Plaintiff complains that Hartmann's testimony's "narrative descriptions of the file and repeated praise of USAA's personnel" represents "vouching, not expert testimony." *Id.* at 7. Third, Plaintiff argues that Hartmann's opinions are "untethered to this claim file." *Id.* Fourth, Plaintiff argues that Hartmann's testimony "contradicts the Court's rulings or minimizes preserved disputes." *Id.* at 8. Fifth, Plaintiff argues that "Hartmann's reports contain generalized references to his experience with other insurers and industry practices but no case-specific foundation for his conclusions." *Id.* Sixth, Plaintiff asserts that "Hartmann provides no identifiable methodology." *Id.* Plaintiff summarizes Hartmann's excerpt opinion as representing "unsupported, record-free advocacy." *Id.* at 9. Defendant counters that, like Plaintiff's methodology-based objection to Dr. McMillin's

testimony, Plaintiff's motion *in limine* is really an "untimely *Daubert* motion disguised as a motion in limine." Dkt. No. 41 at 3. Defendant further finds fault with Plaintiff's arguments because, Defendant argues, they are based on a mischaracterization of Hartmann's testimony. *See id.* "It is almost as if Plaintiff did not read Mr. Hartmann's report," Defendant writes. *Id.*

Although the Parties generally argue past each other, the Court finds some merit on both sides. In ruling on Defendant's Motion to Exclude Plaintiff's claims-handling expert (Dkt. No. 20), Judge Pechman held that the expert "must constrain his testimony to whether he believes certain acts meet or don't meet industry standards." Dkt. No. 31 at 17. The Court finds that this provides sufficient guidance with respect to Plaintiff's motion *in limine* here. To that end, Hartmann's *characterizations* of Defendant's conduct—e.g., that it was "thorough" or "appropriate"—are excluded. But Hartmann's *evaluations* of Defendant's conduct with respect to industry standards are permissible. In the Ninth Circuit, a claims-adjustment expert may testify that an insurer's conduct comported with industry standards, provided that the expert does not "reach[] a legal conclusion that Defendants actually acted in bad faith (i.e., an ultimate issue of law)." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). The ultimate issue in this case is not whether Defendant's conduct comported with industry standards—it is whether Defendant acted in bad faith, an issue that is *informed* by an evaluation of the reasonableness of the insurer's conduct, but not ultimately and conclusively determined by it.

Additionally, as to Plaintiff's overarching Rule 702–based arguments regarding Hartmann's methodology and expertise, the Court agrees with Defendant that these are untimely *Daubert* arguments that are inappropriate here. *See supra* Section III.A. Further, as to Plaintiff's contentions that Hartmann has not provided "case-specific foundation for his conclusions" (Dkt. No. 35 at 8), the Court disagrees. Hartmann has listed the records he reviewed when drawing his

conclusions (*see* Dkt. No. 42-2 (Hartmann Report) at 4), and Hartmann has discussed the step-by-step narrative of Defendant's handling of Plaintiff's claim (*see id.* at 8–10). That "USAA paid the insured $7,001.73 on 4/18/2024 for the total loss evaluation," and that "[t]here was some confusion in the odometer reading and a stop was placed on the $7,001.73 check" (Dkt. No. 42-2 at 9) are not "generalized references" (Dkt. No. 35 at 8). As to Plaintiff's assertion that Hartmann is drawing on "unspecified 'experience'" (*id.*) to inform his opinion, it is simply not an accurate representation of Hartmann's report. Hartmann has provided his qualifications, his work experience, and a list of 52 cases in which he has provided expert testimony. *See* Dkt. No. 42-2 at 2–4.

Accordingly, Plaintiff's Motion *in Limine* No. 2 is GRANTED IN PART and DENIED IN PART. As determined by Judge Pechman, Hartmann "must constrain his testimony to whether he believes certain acts meet or don't meet industry standards." Dkt. No. 31 at 17.

### C. Motion *in Limine* No. 3: Exclusion of Counsel's Pre-Litigation Communications or Actions

Plaintiff seeks to exclude "any testimony, evidence, or argument concerning Plaintiff's counsel's demeanor or communications with Defendant's representatives before this litigation—including any suggestion that counsel 'hung up' on the adjuster or somehow prevented Defendant from conducting its investigation." Dkt. No. 35 at 9. Plaintiff argues that his "counsel's litigation style" is not on trial here, and that "[a]ny reference to counsel's actions has no probative value and risks misleading the jury into judging the lawyers rather than the insurer." *Id.* at 9–10. Defendant argues that "Plaintiff's counsel's gruff and abbreviated communications with Defendant" impacted Defendant's handling of Plaintiff's claim. Dkt. No. 41 at 5. For example, Defendant asserts that Plaintiff's counsel was less than cooperative "when asked for

supporting evidence of wage loss," and that the material that Plaintiff's counsel provided was at first "fully redacted," then ultimately "provided . . . with[out] any context[.]" *Id.*

There is a line to be drawn between style and substance, and the Court agrees with Plaintiff that references to his counsel's demeanor is likely more prejudicial than probative of the issues in this case. But the Court agrees with Defendant that, where Plaintiff's counsel was less than forthcoming in providing documentation necessary for the handling of Plaintiff's claim, such information and/or evidence *is* relevant to the assessing the alacrity or efficacy of Defendant's conduct. That is to say, it is of no consequence whether the Parties exchanged information with a smile or growl, but it *is* relevant whether they exchanged the information at all. To that end, the Court will exclude evidence of demeanor, but it will permit evidence that goes to whether Plaintiff reasonably facilitated Defendant's investigative or information-gathering efforts.

Accordingly, Plaintiff's Motion *in Limine* No. 3 is GRANTED IN PART and DENIED IN PART. Testimony, evidence, and argument referring to Plaintiff's counsel's demeanor or to the tone of Plaintiff's counsel's communications will be excluded. But testimony, evidence, and argument referring to the content of Plaintiff's counsel's communications will be permitted.

### D. Motion *in Limine* No. 4: Exclusion of Evidence or Argument About Failure to Mitigate

Plaintiff seeks to exclude evidence or argument about Plaintiff's failure to mitigate his damages. Dkt. No. 35 at 10. Plaintiff asserts that "Defendant has presented no evidence that Plaintiff contributed to his damages due to any unreasonable action of his own. Therefore, Defendant should be prohibited from arguing that Plaintiff failed to mitigate his damages." *Id.* Defendant asserts that, contrary to Plaintiff's assertion, both Parties have presented evidence on this issue. Dkt. No. 41 at 6 (citing Dkt. No. 17 (Motion for Summary Judgment) at 10–11).

The Court agrees with Defendant. Defendant has asserted Plaintiff's failure to mitigate as an affirmative defense (*see* Dkt. No. 13 (Answer) at 5), and "[t]he party asserting the claim of an unreasonable failure to mitigate damages bears the burden of proof," *Ainsworth v. Progressive Cas. Ins. Co.*, 180 Wn. App. 52, 77, 322 P.3d 6 (2014). Defendant's Motion for Summary Judgment quotes from Plaintiff's deposition, wherein Plaintiff averred, among other things, that he eschewed psychological therapy for anxiety and fear. *See* Dkt. No. 17 at 10–11. Plaintiff's assertion notwithstanding, this is evidence of Plaintiff's failure to mitigate. Plaintiff presents no additional argument in support of its motion.

Accordingly, Plaintiff's Motion *in Limine* is DENIED.

### E. Motion *in Limine* No. 5: Exclusion of Comparison of Request for Compensation to "Winning the Lottery"

The Parties are in agreement. Defendant is prohibited from "referencing, suggesting, or arguing that a verdict for Plaintiff would be a 'windfall,' 'jackpot,' 'lottery,' 'get-rich,' or similar phrase before the jury." Dkt. No. 35 at 10.

Plaintiff's Motion *in Limine* is GRANTED.

### F. Motion *in Limine* No. 6: Exclusion of Settlement Offers or Discussions

The Parties are in agreement. The Parties may not introduce evidence or argument regarding settlement offers, demands, or mediation. *See* Fed. R. Evid. 408.

Plaintiff's Motion *in Limine* is GRANTED.

### G. Motion *in Limine* No. 7: Exclusion of Collateral Source Evidence

The Parties are in agreement. "Evidence of insurance, disability, Social Security, or other collateral benefits" is inadmissible. *See McLean v. Runyon*, 222 F.3d 1150, 1155–56 (9th Cir. 2000).

Plaintiff's Motion *in Limine* is GRANTED.

### H. Motion *in Limine* No. 8: Exclusion of Attorney Employment and Fees

The Parties are in agreement. "Evidence or argument regarding: (1) how or when Plaintiff retained counsel, or (2) counsel's compensation or contingency fee arrangement" is inadmissible. Dkt. No. 35 at 11.

Plaintiff's Motion *in Limine* is GRANTED.

### I. Motion *in Limine* No. 9: Exclusion of Apologies or Benevolent Gestures

The Parties are in agreement. The Parties and their counsel are "prohibited from offering apologies or benevolent gestures during trial." Dkt. No. 35 at 11.

Plaintiff's Motion *in Limine* is GRANTED.

### J. Motion *in Limine* No. 10: Appeals to Jurors' Self-Interest or Insurance Rates

The Parties are in agreement. The Parties may not "suggest[] that a verdict will affect insurance premiums or jurors' personal costs." Dkt. No. 35 at 12.

Plaintiff's Motion *in Limine* is GRANTED.

### K. Motion *in Limine* No. 11: Exclusion of Evidence Regarding Taxation of Plaintiff's Recovery

Plaintiff asserts that "[e]vidence or argument concerning whether any recovery is subject to taxation is irrelevant and prejudicial." Dkt. No. 35 at 12 (citing *Hinzman v. Palmanteer*, 81 Wn.2d 327, 501 P.2d 1228 (1972). The Parties agree that "evidence or argument concerning the taxation of Plaintiff's claim *as a whole* should be excluded[.]" Dkt. No. 41 at 8 (emphasis added). But Defendant objects to the motion to the extent that Defendant's "affirmative defense involves argument and/or opinion that a reduction of Plaintiff's wages based on tax withholding was reasonable." Dkt. No. 41 at 7 (citing *Country Preferred Ins. Co. v. Hurless*, No. C11-1349, 2012 WL 2367073 (W.D. Wash. June 21, 2012) (identifying a "flaw" in using a plaintiff's gross income—as opposed to net—when estimating loss of income. 2012 WL 2367073, at *4).

The Court construes Defendant's concern here as not applying to "evidence regarding taxation of Plaintiff's recovery." Rather, Defendant is concerned with its calculation of the value of the claim itself. The issue here is not whether the tax collector will take a slice of the pie after the jury awards damages, nor is it how large that slice might be. The actual issue—How much has Plaintiff been deprived of because of Defendant's alleged misconduct?—requires an accurate accounting of what Defendant would have paid Plaintiff had it satisfied Plaintiff's claim for benefits. Defendant's position is that properly calculated wage-loss benefits are based on net earnings, not gross earnings. The jury is entitled to hear evidence from both sides on the reasonableness of that position.

Accordingly, Motion *in Limine* No. 11 is GRANTED, to the extent that evidence and argument regarding the potential taxation of an ultimate award or damages is excluded. Evidence regarding the value of those benefits, however, is permitted.

### L. Motion *in Limine* No. 12: Preclusion of Evidence or Argument that Plaintiff Did Not Seek PIP Wage Loss Benefits

Plaintiff seeks to exclude "evidence, testimony, or argument that Plaintiff failed to apply for or seek Personal Injury Protection ("PIP") wage-loss benefits." Dkt. No. 35 at 12. Plaintiff's position is that his claim "concern[s] Defendant's claims-handling conduct, not Plaintiff's use of a particular coverage." Dkt. No. 35 at 12. Defendant argues that submission (or non-submission) of a PIP wage-loss is "critical." Dkt. No. 41 at 8. First, Defendant asserts that "Defendant has a right to offset PIP payments from [uninsured motorist] benefits under Washington law." *Id.* Second, Defendant argues that "evidence that Plaintiff *chose* not to seek PIP-wage loss benefits lends itself to Defendant's affirmative defense of 'waiver.'" *Id.*

The Parties' skeletal briefing on the issue is, to say the least, unhelpful. Plaintiff, however, has the better of the arguments. The Court recognizes the case law that Defendant cites

in support of its assertion that it has a right to offset PIP payments from uninsured-motorist benefits. But Defendant's briefing fails to answer the necessary—and more important—follow-up question: "Why does this matter?" Defendant does not explain how its right to offset types of benefits against one another necessarily makes the evidence at issue in this motion *in limine* relevant. The Court credits Plaintiff's position that bad faith is bad faith, irrespective of whether Defendant mishandled one application for benefits under the policy, or two, or ten. Defendant's argument about a potential offset would seem to implicate damages, but it is entirely unclear from Defendant's briefing. And the same is true for Defendant's second argument regarding its assertion of the affirmative defense of waiver. It is true that Defendant has pleaded the affirmative defense of waiver: "On information and belief, Plaintiff's claims are barred to the extent the equitable doctrines of waiver, estoppel, unclean hands and laches apply." Dkt. No. 13 at 5. But what, exactly, has Plaintiff waived? And how does it make the evidence at issue here relevant? For his part, Plaintiff fails to address why the evidence at issue is irrelevant with respect to damages, rendering his argument incomplete.

Accordingly, the Court RESERVES RULING on Motion *in Limine* No. 12. Should the Parties have additional information or argument on this motion, they may present it at the pretrial conference.

### M. Motion *in Limine* No. 13: Preclusion of Evidence or Argument that Plaintiff Should Have Submitted a Comprehensive Demand Letter

Plaintiff seeks to "exclude any evidence, testimony, or argument suggesting that Plaintiff was required to submit a 'comprehensive' or 'formal' demand letter as part of the pre-suit claim process. Dkt. No. 35 at 13. Plaintiff asserts that, because "Washington law imposes no duty on an insured to submit a demand letter or any particular form of settlement communication before an insurer must evaluate a claim in good faith," evidence of the lack of such a letter would

"permit Defendant to imply that Plaintiff's alleged failure to submit a particular type of letter excused the insurer's own obligations[.]" *Id.* (citing *Coventry Assocs. v. Am. States Ins. Co.*, 136 Wn.2d 269, 280–81, 961 P.2d 933 (1998)). Defendant argues that evidence concerning the lack of a demand letter is indicative of Plaintiff's "slow-release of information" regarding his insurance claim and "goes directly to the reasonableness of Defendant's conduct in handling Plaintiff's claim." Dkt. No. 41 at 9.

As briefed by the Parties, this issue appears to represent an exceedingly small body of evidence that is easily presented to and framed for the jury at trial, and that can be clarified with a jury instruction, if appropriate, regarding the limited purpose for the evidence. Further, Defendant will not be permitted to argue that Washington law required Plaintiff to send a formal demand letter, but it does not appear from Defendant's response that that is the purpose of raising the issue of any such demand letter. Rather, Defendant asserts that it should be able to raise the comprehensiveness of the content of a demand letter and the timing of the provision of the letter in relation to the actions it did or did not take. *Id.* at 8. The jury is capable of determining whether the nonexistence of what Plaintiff describes as a statutorily superfluous communication renders Defendant's conduct more reasonable or less reasonable in light of its duty to act in good faith.

Accordingly, Plaintiff's Motion *in Limine* No. 13 is DENIED.

### N. Motion *in Limine* No. 14: Preclusion of Any Evidence or Argument Pertaining to Any Failure to Cooperate or Any Alleged Misrepresentation by Plaintiff

Plaintiff seeks to "preclude Defendant USAA from offering any evidence, testimony, or argument suggesting that Plaintiff—or his representatives—failed to cooperate with the insurer or made any misrepresentation in connection with his claim." Dkt. No. 35 at 13–14. Plaintiff raises three arguments in support of his motion. First, Plaintiff asserts that in discovery,

Defendant "failed to identify any act or omission by Plaintiff (or by his counsel)" that supports Defendant's affirmative defenses of unclean hands, breach of contract and failure to cooperate. *Id.* at 14. Second, Plaintiff argues that evidence of Plaintiff's conduct during Defendant's handling of his claim is irrelevant and risks drawing the jury's attention away from Defendant's conduct. *See id.* Third, Plaintiff argues that Federal Rules of Civil Procedure 26 and 37 and FRE 403 require the exclusion of this evidence, because Defendant never produced or identified it during discovery and because, roughly speaking, it might reflect poorly upon Plaintiff. *See id.* at 15. Defendant counters by "submit[ting] to the Court that Plaintiff's counsel's communications with Defendant at the time Defendant was handling the claim form the bases for its unclean hands and misrepresentation defenses." Dkt. No. 41 at 9. Defendant argues further that it should be permitted to show the jury evidence of Plaintiff's performance of his "duty to cooperate with Defendant's investigation under his insurance policy." *Id.*

There are two strands to this motion *in limine*. First, there is the substantive question of whether the evidence at issue is relevant. Second, there is the procedural question of whether discovery and evidentiary rules preclude Defendant from presenting this evidence.

As to the first, even though this case concerns Defendant's conduct during its handling of Plaintiff's claim, the investigation of an insurance claim is a two-way street. "An insured's breach of a cooperation clause releases the insurer from its responsibilities if the insurer was actually prejudiced by the insured's breach. Interference with the insurer's ability to evaluate and investigate a claim may cause actual prejudice." *Tran v. State Farm Fire & Cas. Co.*, 136 Wn.2d 214, 228, 961 P.2d 358 (1998). Defendant has asserted an affirmative defense of breach of contract (Dkt. No. 13 at 6), and evidence of Plaintiff's breach of his duty of cooperation is relevant to that defense. *See* Dkt. No. 18-5 at 46 (insurance policy). Because "prejudice is an

issue of fact and will seldom be established as a matter of law," *Tran*, 136 Wn.2d at 228 (collecting cases), it is appropriate for the jury to see this evidence.

As to the second, Defendant presented relevant communications between Defendant and Plaintiff's counsel as attachments to its Motion for Summary Judgment. *See* Dkt. Nos. 18-9, 18-10, 18-11, 18-12. Given that Defendant filed its motion on August 11, 2025, Plaintiff can hardly claim to be "ambush[ed]" (Dkt. No. 35 at 14) by such material. When deciding whether to exclude evidence under Rule 37(c), courts consider four primary factors: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). Given the nature of the evidence at issue—communications between the Parties' respective attorneys sent and received nearly two years before trial—none of these factors points toward exclusion. The Court therefore declines to exclude this evidence.

Accordingly, Motion *in Limine* No. 14 is DENIED.

## IV. CONCLUSION

For the reasons stated herein, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion (Dkt. No 35) as follows:

| # | **Motion** | **Ruling** |
|---|---|---|
| 1 | Exclusion of Defendant's Expert Austin D. McMillin, DC. | Denied |
| 2 | Exclusion of Defendant's Expert Jerry Hartmann | Granted/Denied |

| # | Motion | Ruling |
|---|---|---|
| 3 | Exclusion of Counsel's Pre-Litigation Communications or Actions | Granted/Denied |
| 4 | Exclusion of Evidence or Argument About Failure to Mitigate | Denied |
| 5 | Exclusion of Comparison of Request for Compensation to "Winning the Lottery" | Granted |
| 6 | Exclusion of Settlement Offers or Discussions | Granted |
| 7 | Exclusion of Collateral Source Evidence | Granted |
| 8 | Exclusion of Attorney Employment and Fees | Granted |
| 9 | Exclusion of Apologies or Benevolent Gestures | Granted |
| 10 | Exclusion of Appeals to Jurors' Self-Interest or Insurance Rates | Granted |
| 11 | Exclusion of Evidence Regarding Taxation of Plaintiff's Recovery | Granted |
| 12 | Preclusion of Evidence or Argument that Plaintiff Did Not Seek PIP Wage Loss Benefits | Ruling Reserved |
| 13 | Preclusion of Evidence or Argument that Plaintiff Should Have Submitted a Comprehensive Demand Letter | Denied |

| # | Motion | Ruling |
|---|---|---|
| 14 | Preclusion of Any Evidence or Argument Pertaining to Any Failure to Cooperate or Any Alleged Misrepresentation by Plaintiff | Denied |

Dated this 27th day of August 2026.

Tana Lin
United States District Judge